OPINION
Defendant-appellant, Ricky A. Pritts, appeals from the decision of the Belmont County Court of Common Pleas affirming the decision of the administrative hearing officer for the Belmont County Child Support Enforcement Agency (CSEA), which ordered appellant to pay child support in the amount of $616.40 per month to plaintiff-appellee, Theresa A. Pritts.
Appellant and appellee were married on February 27, 1982. One child was born as issue of the marriage, Bo Allen Pritts (d.o.b. August 23, 1983). The parties divorced on March 27, 1984. At the time of the divorce, the court ordered appellant to pay appellee child support in the amount of $400 per month plus poundage. The trial court subsequently reduced this amount to $300 per month plus poundage. Appellant later remarried and had another child. Appellant and his second wife divorced in 1995. As a result of his second divorce, the court ordered appellant to pay his second wife child support in the amount of $500 per month. During his 1995 divorce, Attorney Grace Hoffman (Hoffman) represented appellant.
During the year 2000, the CSEA conducted administrative reviews of both of appellant's child support orders. Hoffman, now employed as an administrative hearing officer for the CSEA, presided over the review of appellant's child support order stemming from the 1984 divorce. Following a hearing on the matter, Hoffman issued an administrative order recommending that appellant's support order be increased to $604.31 per month plus poundage. A different administrative hearing officer presided over the review of appellant's child support order stemming from the 1995 divorce.
Appellant appealed to the trial court in both cases. The trial court scheduled two separate hearings for the two cases. It scheduled the hearing involving the 1984 divorce for September 25, 2000. Appellant's counsel claims that due to miscommunication, he did not become aware of the hearing until that morning. An employee from appellant's counsel's office contacted the trial court and requested a continuance. Appellant's counsel claims that the assignment clerk advised his office that the court would get back to him. Appellant's counsel further claims that he heard nothing from the court until later that week when he received an entry indicating that the trial court denied the request for a continuance and affirmed the hearing officer's recommendation. Appellant filed his timely notice of appeal on November 2, 2000.
At the outset it should be noted that appellee has failed to file a brief in this matter. Therefore, we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably supports such action. App.R. 18(C).
Appellant raises three assignments of error, the first of which states:
 "IT IS AN ABUSE OF DISCRETION TO REFUSE A REQUEST FOR CONTINUANCE WHEN SUCH CONTINUANCE IS NOT UNDULY PREJUDICIAL TO THE COURT OR TO OTHER PARTIES AND THAT APPELLANT IS MISLEAD [sic.] INTO THE BELIEF THAT A CONTINUANCE WOULD BE GRANTED."
Appellant argues that the trial court abused its discretion in denying his request for a continuance. He asserts that he was entitled to the benefit of counsel at his hearing. Appellant claims that had his counsel been present at the hearing, he would have made the court aware of the pendency of appellant's other case. Appellant further contends that had the court advised his counsel of the hearing, his counsel would have appeared.
It is within the trial court's discretion whether to grant or deny a motion for a continuance. Midland Steel Prods. Co. v. U.A.W. Local 486
(1991), 61 Ohio St.3d 121, 130-131. A reviewing court will not disturb the trial court's ruling absent an abuse of that discretion. Id. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 In considering a party's motion for continuance, a trial court should consider several factors: (1) the length of the delay requested; (2) if any prior continuances were requested and received; (3) the inconvenience to all parties involved, including the court; (4) if the continuance is for legitimate reasons; (5) if the party requesting the continuance contributed to the circumstances giving rise to the request for continuance; and (6) any other relevant factors. Youngstown Metro. Hous. Auth. v. Barry (Dec. 16, 1996), Mahoning App. No. 94-CA-147, unreported, 1996 WL 734017 at *1, citing State v. Unger (1981), 67 Ohio St.2d 65 and Bland v. Graves (1994), 99 Ohio App.3d 123.
Applying this standard, it does not appear that the trial court abused its discretion in denying appellant's motion for a continuance. The court gave appellant notice of the 9:00 a.m. September 25, 2000 hearing on September 8, 2000 as is evidenced by the certified mail return receipt and hearing notice. According to appellant's brief, he did not contact counsel for possible representation until "a few days before the hearing." (Appellant's Brief, P. 3). Appellant's counsel did not request a continuance until the morning of the hearing, which was scheduled for 9:00 a.m. Furthermore, when counsel did request a continuance, he did so by having an employee from his office contact and speak with the assignment clerk. (Appellant's Brief, P. 3).
Had the trial court granted the continuance, it would have been a burden on the court, appellee, and appellee's counsel since they were prepared for a hearing that morning. Furthermore, appellant contributed to the circumstances giving rise to the request for a continuance by waiting until a few days before the hearing to contact counsel and by not adequately informing his counsel of the hearing date. Appellant asserts that the trial court should have granted this last-minute, oral motion, which he could not have made more than one hour before the hearing was scheduled to begin because he was denied the assistance of counsel. However, appellant has failed to point to any evidence on the record that the trial court's decision was unreasonable, arbitrary, or unconscionable.
Accordingly, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "IT IS PLAIN ERROR FOR A COURT TO AFFIRM A PREVIOUS ADMINISTRATIVE REVIEW ORDER WHEN SUCH ORDER IS IN CONFLICT WITH ANOTHER ADMINISTRATIVE REVIEW ORDER ISSUED BY THE SAME ADMINISTRATIVE AGENCY."
Appellant argues that the administrative decisions of the CSEA conflict with each other and that the trial court should have resolved the two decisions. He asserts that this court should now resolve the two conflicting decisions.
Although appellant asks this court to reverse the trial court's decision by resolving the alleged conflict between the two CSEA decisions, he gives us no basis within which to review the decisions. Appellant merely attached the decision involving the 1995 divorce to his brief as an exhibit. It is not included as part of the record on appeal. Furthermore, appellant has not provided this court with a transcript of the evidence before the CSEA administrative hearing officer or a transcript substitute as provided for in App.R. 9. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
Accordingly, appellant's second assignment of error is without merit.
Appellant's third assignment of error states:
 "IT IS PLAIN ERROR AND AN OBVIOUS CONFLICT OF INTEREST FOR APPELLANT'S TRIAL COUNSEL IN ANOTHER DIVORCE PROCEEDING TO SERVE AS THE ADMINISTRATIVE HEARING OFFICER AND AS COUNSEL FOR THE CHILD SUPPORT ENFORCEMENT AGENCY AT AN APPEAL HEARING BEFORE THE SAME COURT THAT HAD ISSUED THE ORIGINAL SUPPORT ORDERS."
Appellant asserts that since Hoffman represented him in a prior divorce proceeding, she should have disqualified herself from serving as the administrative hearing officer in his case and as counsel for the CSEA before the trial court.
Since appellant has not provided us with a transcript of the proceedings below, we do not know if appellant objected to Hoffman serving as the administrative hearing officer at his administrative modification hearing. Additionally, appellant requested a court hearing to appeal the administrative modification decision. In this request, he stated that his appeal was limited to the issues of: the computation of his gross wages; the failure of the administrative hearing officer to consider certain deductions; and the payment of medical insurance. Appellant did not object to Hoffman serving as the administrative hearing officer. An appellate court will not consider an alleged error which appellant could have called but did not call to the trial court's attention at a time when the trial court could have corrected the error. LeFort v. Century21-Maitland Realty Co. (1987), 32 Ohio St.3d 121, 123. Furthermore, appellant has not demonstrated that any prejudice resulted from Hoffman serving as the administrative hearing officer.
Accordingly, appellant's third assignment of error is without merit.
For the reason stated above, the decision of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.